UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA BRUEGGEMAN<br>3583 West 65th Street<br>Cleveland, OH 44102 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| | ) | |
| on behalf of herself and all others similarly<br>situated, | )<br>)<br>) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Plaintiff, | ) | (Jury Demand Endorsed Herein) |
| | ) | |
| vs. | )<br>) | |
| | ) | |
| TRANSWORLD SYSTEMS, INC.<br>c/o Statutory Agent CT Corporation<br>System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) | |

Now comes Plaintiff Andrea Brueggeman, by and through counsel, and for her Complaint against Transworld Systems, Inc. ("Transworld"), states and alleges the following:

**INTRODUCTION**

1.     The is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to include commissions earned by Plaintiff and other similarly-situated collectors in their regular rate of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2.     The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and Defendant maintains a physical location in this District and Division.

## PARTIES

5.      At all times relevant herein, Plaintiff Andrea Brueggeman, was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

7.      At all times relevant herein, Defendant Transworld Systems, Inc. is a foreign corporation organized and existing under the laws of the State of California, licensed to conduct business in the State of Ohio, with a physical location at 9525 Sweet Valley Drive, Suite 100, Cleveland, OH 44125.

8.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

9.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as they used tools, products, and equipment that traveled in interstate commerce.

12.      Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13.     Defendant Transworld is a debt collection agency that collects past due debts for its clients throughout the United States.

14.     Plaintiff Brueggeman has been employed by Defendant as a collector since February 6, 2017 at Defendant's Independence, Ohio call center.

15.     Other similarly-situated employees were employed by Defendant as collectors in centers located throughout the United States.

16.     Plaintiffs and other similarly-situated employees were classified by Defendant as non-exempt employees.

17.     Plaintiffs and other similarly-situated employees were paid by Defendant on an hourly basis.

18.     Plaintiff and other similarly-situated employees regularly worked over 40 hours per week and were paid overtime compensation.

19.     Plaintiff and other similarly-situated employees were also paid commissions based on a percentage of debt they collected.

3

**(Failure To Include Commission Payments In The Regular Rate)**

20.     Defendant failed to include the commissions paid to Plaintiff and other similarly-situated employees in their regular rate of pay for purposes of calculating their overtime compensation.

21.     As a result of Defendant's failure to include commissions in the calculation of overtime compensation, Plaintiff and other similarly-situated debt collectors were denied significant amounts of overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings Count One of the action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

23.     The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All former and current collectors employed by Transworld Systems, Inc. nationwide between November 22, 2014 and the present.

24.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of over one thousand persons.

25.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees are is acting on behalf of their interests, as well as her own, in bringing this action.

4

26.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current collectors employed by Transworld Systems, Inc. nationwide between November 22, 2014 and the present.

28.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

29.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed include commissions earned by Plaintiff and other similarly-situated collectors in the calculation of their overtime compensation for hours worked in excess of 40 each workweek; and

> (b) what amount of monetary relief will compensate Plaintiff Andrea Brueggeman other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

30.     The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class.  Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class

members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

31.     Named Plaintiff Andrea Brueggeman will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

32.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

34.     Plaintiff incorporates by reference the foregoing allegations as it fully rewritten herein.

35.     Defendant's practice and policy of failing to include commissions earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 C.F.R. § 778.117.

36.     By engaging in the above-described practice and policy, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

37.     As a result of Defendant's Plaintiff and other similarly-situated debt collectors have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**
**(Violations of Ohio Revised Code 4111.03)**

38.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.     Defendant's practice and policy of failing to include commissions earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the OMFWSA, R.C. 4111.03.

40.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

7

C.      Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

D.      Award Plaintiff and the class she represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E.      Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.


 /s/ Lori M. Griffin         
One of the Attorneys for Plaintiff