UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREA BRUEGGEMAN, on behalf of herself and all others similarly situated, | CASE NO.: 1:17-CV-02457 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| vs. | |
| TRANSWORLD SYSTEMS INC. | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendant. | |

## I.     INTRODUCTION

Representative Plaintiff Andrea Brueggeman and Defendant Transworld Systems Inc. respectfully move this Court to approve the proposed FLSA opt-in settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio wage-and-hour statutes. Plaintiff asserted that Defendant Transworld Systems Inc. ("Transworld") failed to factor commissions earned by Plaintiff and other similarly-situated collectors in their regular rate of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. Transworld denies any wrongdoing or violation of any laws.

If approved by the Court, the Settlement will provide for the issuance of a settlement check to each of the 596 Collective Action Members within 28 days. There is no requirement that a Collective Action Member sign and return a consent form to join the action or to receive a

settlement payment. The simple act of cashing the settlement check serves as the opt-in procedure. If a Collective Action Member does not cash her/his check, s/he does not consent to join the action and her/his claims, if any, are maintained.

The Parties respectfully submit that the proposed Settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and reached on February 22, 2018.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit A:   Joint Stipulation of Settlement and Release

Exhibit B:   Settlement Agreement & Release of Claims

Exhibit C:   Order of Dismissal and Approving Settlement

Exhibit D:   Declaration of Class Counsel Chastity L. Christy

Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, no fairness hearing is required or requested by the Parties.[1]

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Action

On November 22, 2017, Representative Plaintiff Andrea Brueggeman filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that Defendant failed to factor commissions earned by Plaintiff and other similarly-situated collectors in their regular rates of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

### B. Negotiation of The Settlement

During January and February 2018, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses, including the exchange of financial information and electronically stored payroll data detailing each eligible Collective Action Member's work hours, rate of pay, commissions, bonuses, overtime formulas and overtime calculations. This information was used to evaluate the respective Party's claims and defenses and determine potential settlement values.

During the month of February 2018, counsel for the Parties engaged in extensive legal discussions and settlement negotiations and, on February 22, 2018, reached an agreement to settle the action on the terms set forth in the Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

### C. The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff, the existing five (5) Opt-In Plaintiffs, and the eligible Collective Action Members identified in Appendix 1 of

the Settlement who elect to participate in the Settlement by signing and cashing the settlement payments ("Opt-In Members").

The Total Settlement Amount is Seventy-Six Thousand Eight Hundred Fifty-Six Dollars and Seventy-Four Cents ($76,856.74), which sum will cover: (a) all of the Individual Payments to the Collective Action Members; and (b) Collective Action Counsel's attorneys' fees and expenses.

One Thousand Three Hundred Fifty-One Dollars and Forty-Six Cents ($1,351.46) of the Total Settlement Amount will be paid to Representative Plaintiff and Existing Opt-In Plaintiffs. Fifty-Five Thousand Five Dollars and Twenty-Eight Cents ($55,005.28) of the Total Eligible Settlement Amount will be divided into Individual Payments to the remaining 590 Collective Action Members. The Individual Payments will be calculated proportionally on each Collective Action Member's overtime damages during the Calculation Period, as calculated by counsel for both Parties. If, however, any Collective Action Member's proportional amount is less than $20.00, such Collective Action Member shall be credited, for settlement purposes only, an additional sum so that he/she will receive a minimum payment of $20.00. The Individual Payments are provided in Appendix 1 of the Settlement. Any Individual Payments to eligible Collective Action Members who do not cash his/her settlement payment within 90 days of the date on the check will be retained by Defendant.

Twenty Thousand Five Hundred Dollars ($20,500.00) of the Total Settlement Amount will be paid to Collective Action Counsel for attorneys' fees and expenses ($20,000.00 in fees and $500.00 in expenses) incurred in the action.

In exchange, the action will be dismissed, and the Opt-In Members will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, relating to

Defendant's alleged failure to include commissions earned by Plaintiff and other similarly-situated collectors in their regular rate of pay, for purposes of calculating their overtime compensation, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

To inform eligible Collective Action Members of the Settlement, the Parties have submitted, as Exhibit B, the proposed Settlement Agreement and Release of Claims ("Notice" or "Release") to be sent to eligible Collective Action Members with their checks. The Notice and checks will be mailed by a third-party administrator ("TPA") to all eligible Collective Action Members at their last known home addresses according to records maintained by Defendant, and any updated addresses obtained by Defendant or the appointed TPA. All fees and costs associated with the TPA will be paid by Defendant, separate and apart from the Total Settlement Amount in this action. The eligible Collective Action Members who sign and cash their settlement payments ("Opt-In Members") will participate in the settlement and their claims, if any, as asserted in the Complaint, will be released, as further described in the Agreement and Notice.

### III. THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Class Counsel Chastity L. Christy, and as explained below, Court approval is warranted on all scores. (*See* Exhibit D.)

#### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine

whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Christy Declaration (*see* Exhibit D), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiff, the existing five (5) Opt-In Plaintiffs, and the eligible Collective Action Members.

6

Here, the seven-factor standard supports approval of the Settlement. The Parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While no formal discovery has yet commenced, the Parties have engaged in substantial investigation and informal discovery prior to and during the negotiations, and the issues are well understood by both sides. The outcome is uncertain for the Collective Action Members, and the risks of continued litigation are evident for both sides. The opinions of experienced counsel of the Parties support the Settlement, as does the Representative Plaintiff.

All Individual Payments will be calculated proportionally on each Collective Action Member's overtime damages during the Calculation Period. If, however, any Collective Action Member's proportional amount is less than $20.00, such Collective Action Member shall be credited, for settlement purposes only, an additional sum so that he/she will receive a minimum payment of $20.00. The Calculation Period for the Collective Action Members shall mean the period between January 1, 2015 and December 31, 2017.

If approved by the Court, the proposed Settlement will provide adequate payments to the Collective Action Members for unpaid overtime compensation. From January 1, 2015 to December 31, 2017, Plaintiff alleges that she and the Collective Action Members were allegedly denied $134,085.62 in overtime compensation over a three-year period as a result of Defendant failing to factor commissions earned by Plaintiff and other similarly-situated collectors in their regular rates of pay, for purposes of calculating their overtime compensation.

Pursuant to the Settlement, Representative Plaintiff and the existing Opt-In Plaintiffs will receive at least 100% of their overtime compensation and liquidated damages, the totals of which are included in Exhibit A. For each Opt-In Plaintiff whose overtime compensation and liquidated

7

damages are less than $50, they will receive a minimum payment of $50.00. Additionally, each eligible Collective Action Member who participates in the Settlement will receive 40% of their alleged overtime damages between January 1, 2015 and December 31, 2017. The Total Settlement Amount, before deduction of fees and costs, is more than 57% of the Collective Action Members' alleged overtime compensation damages over a three-year period. Accordingly, the settlement proceeds are fair, reasonable and adequate.

### C. Collective Action Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

Collective Action Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. *See* Exhibit D. The litigation expenses sought to be reimbursed are proper and reasonable. Expenses incurred are $500.00. All expenses were incurred during the course of the litigation of this action.

**IV.  CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit C.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Kevin G. Barreca |
| Chastity L. Christy (0076977) | Kevin G. Barreca – *Admitted Pro Hac Vice* |
| Anthony J. Lazzaro (0077962) | Justin H. Homes – *Admitted Pro Hac Vice* |
| Lori M. Griffin (0085241) | Sessions, Fishman, Nathan & Israel |
| The Lazzaro Law Firm, LLC | 3850 N. Causeway Boulevard, Suite 200 |
| 920 Rockefeller Building | Metairie, LA  70002-7227 |
| 614 W. Superior Avenue | T: 504-828-3700 |
| Cleveland, Ohio 44113 | F: 504-828-3737 |
| Phone: 216-696-5000 | kbarreca@sessions.legal |
| Facsimile: 216-696-7005 | jhomes@sesssions.legal |
| chastity@lazzarolawfirm.com | |
| anthony@lazzarolawfirm.com | R. Glenn Knirsch (Ohio SCR #0080770) |
| lori@lazzarolawfirm.com | SESSIONS, FISHMAN, NATHAN & ISRAEL |
| | 2647 Eaton Road |
| *Counsel for Plaintiff* | University Heights, OH 44118-4330 |
| | T: 216-331-1308 |
| | F: 216-220-4937 |
| | rgknirsch@sessions.legal |
| | |
| | *Attorneys for Defendant Transworld Systems Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2018, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Chastity L. Christy
Attorney for Plaintiffs

9