### SETTLEMENT AGREEMENT & RELEASE OF CLAIMS

**Attached to this settlement agreement (the "Release") is a check. If you cash this check you are agreeing to the settlement of your wage and hour claims in the *Brueggeman v. Transworld Systems Inc.* case. The required terms for your settlement and cashing your check are below.**

I, <<first name>> <<last name>>, acknowledge that by endorsing and cashing the enclosed check for $_____, I agree to all of the following:

1. I am being informed that on November 22, 2017, Andrea Brueggeman commenced a putative collective action and Fed. R. Civ. P. 23 class action lawsuit in the United States District Court for the Northern District of Ohio, Eastern Division (the "Court") captioned *Brueggeman v. Transworld Systems Inc.,* Civil Action No. 17-cv-02457-JG (the "Lawsuit"). In the Collective Action, Named Plaintiff asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), arising out of the Company's alleged failure to properly factor commissions and bonuses into collectors' regular rates of pay for the purpose of calculating overtime pay. Plaintiff also asserted a claim under the Ohio Minimum Fair Wage Standards Act (OMFWSA) R.C. 4111.03.

2. As part of a wage and hour collective action, I was identified as a potential plaintiff in the Lawsuit.

3. My attorneys in the Lawsuit, The Lazzaro Law Firm, LLC, have negotiated a settlement of my claims and the claims for all other possible plaintiffs against Transworld Systems Inc., including all affiliated persons and entities ("TSI"). I understand that I can contact The Lazzaro Law Firm, LLC at 216-696-5000 or consent@lazzarolawfirm.com if I have any questions about this Agreement. As part of the settlement, my attorneys will receive for their attorneys' fees and costs $20,500.

4. I have received a settlement check from TSI, which was enclosed with this Settlement Agreement.

5. I want to accept the settlement and end my lawsuit against TSI.

6. I believe there is a bona fide dispute about whether I am due any additional overtime pay based on commissions I received. In other words, I understand that TSI maintains no additional wages are due to me and that in order to prevail in the Lawsuit, I would be required to have objective evidence to prove my actual work hours, that I earned the commissions for which I was paid, and that TSI's defenses to the Lawsuit are invalid. My gross settlement amount (before taxes) was calculated based on 40% of the maximum gross wages I could have been owed during a 3-year lookback period through 12/31/17. If, however, my maximum possible gross wages was less than $50, I have been allotted $50, which results in a $20 settlement payment (40% of the total, all before taxes).

7. I understand that when I endorse and cash the settlement check, I am agreeing to fully, forever, irrevocably and unconditionally release, remise, and discharge the TSI from any and all suits, actions, causes of action, claims, or demands against TSI based on violations of federal or any state law relating to TSI's alleged failure to properly factor commissions and bonuses into my regular rate of pay for the purpose of calculating overtime pay. I further understand that I have 90 days from the settlement check date to cash the check.

8. I understand that once I cash my settlement check my Lawsuit against TSI will be over; that my case will be dismissed; that TSI will owe me nothing further in relation to my allegations that TSI failed to properly factor commissions and bonuses into my regular rate of pay for the purpose of calculating overtime pay; and that that I have waived my right to file or participate in any other lawsuit against TSI relating to how I was paid by TSI as of the date of the Final Order in the Lawsuit.

[CHECK ENDORSEMENT]

Pursuant to federal law, I declare under penalty of perjury that by endorsing this check, I: a) agree to the terms in the Settlement Agreement & Release of Claims that I received with this check, and b) dismiss my wage claims against TSI, all as detailed in the *Brueggeman* Lawsuit, Northern District of Ohio federal case no. 15-cv-02457. The check must be cashed no later than [Insert date 90 days after check issuance date].