UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA BRUEGGEMAN, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO.: 1:17-CV-02457 |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | **ORDER OF DISMISAL AND** |
| TRANSWORLD SYSTEMS INC. | ) ) | **APPROVING SETTLEMENT** |
| Defendant. | ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Chastity L. Christy, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed allocation and calculation of Individual Payments, and the proposed attorneys' fees and expense reimbursements to Collective Action Counsel, as follows:

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of collectors of Defendant Transworld Systems Inc.

2. On November 22, 2017, Representative Plaintiff Andrea Brueggeman filed this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219,

and alleged that Defendant failed to include commissions earned by Plaintiff and other similarly-situated collectors in their regular rate of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.0.

3. During January and February 2018, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included the calculations of Plaintiff's, the five (5) existing Opt-In Plaintiffs', and the eligible Collective Action Members' alleged overtime damages.

4. The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

5. During the month of February 2018, the Parties engaged in extensive settlement negotiations, and on February 22, 2018, the Parties reached an agreement to settle the action on the terms set forth in the Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. The Settlement will cover Representative Plaintiff, the existing Opt-In Party Plaintiffs, and all of the eligible Collective Action Members identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and cashing the settlement payments ("Collective Action Members").

7. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Amount, the claims of the Representative Plaintiff, existing Opt-In Party Plaintiffs, and eligible Collective Action Members who elect to participate in the Settlement by signing and cashing the settlement payments, as alleged in this lawsuit, are to be dismissed with prejudice.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation and informal discovery. Collective Action Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff, existing Opt-In Party Plaintiffs, and eligible Collective Action Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

9. The Court approves the Agreement and its Exhibits, including the proposed Settlement Agreement & Release of Claims ("Notice" or "Release"), and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff, existing Opt-In Plaintiffs, and all eligible Collective Action Members who elect to participate in the Settlement by signing and cashing the settlement payments ("Opt-In Members").

10. The Court finds that the proposed allocation and calculation of the Individual Payments to Collective Action Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of Representative Plaintiff, the existing Opt-In Party Plaintiffs and the eligible Collective Action Members, and the Individual Payments for the Collective Action Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursements to Collective Action Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court dismisses, with prejudice, the claims of the Representative Plaintiff, existing Opt-In Party Plaintiffs, and Opt-In Members, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

13. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the notice administration and the distribution process.

**SO ORDERED:**

Date: 3/9/18

*s/ James S. Gwin*
Honorable James S. Gwin
United States District Judge

**SO STIPULATED:**

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Counsel for Plaintiff*

/s/ Kevin G. Barreca
Kevin G. Barreca – *Admitted Pro Hac Vice*
Justin H. Homes – *Admitted Pro Hac Vice*
SESSIONS, FISHMAN, NATHAN & ISRAEL
3850 N. Causeway Boulevard, Suite 200
Metairie, LA 70002-7227
T: 504-828-3700
F: 504-828-3737
kbarreca@sessions.legal
jhomes@sesssions.legal

R. Glenn Knirsch (Ohio SCR #0080770)
SESSIONS, FISHMAN, NATHAN & ISRAEL
2647 Eaton Road
University Heights, OH 44118-4330
T: 216-331-1308
F: 216-220-4937
rgknirsch@sessions.legal
*Attorneys for Defendant Transworld Systems Inc.*

4